# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 15, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MAGNETECH INDUSTRIAL SERVICES,**
Employer Below, Petitioner

vs.)   No. 14-0386  (BOR Appeal No. 2048870)
                (Claim No. 2011022869)

**ROBERT R. YORK,**
Claimant Below, Respondent


## MEMORANDUM DECISION

Petitioner Magnetech Industrial Services, by Lisa Warner Hunter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated March 25, 2014, in which the Board affirmed a September 20, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 22, 2011, decision granting Mr. York a 4% permanent partial disability award, and granted Mr. York a 14% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon an erroneous conclusion of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

On November 1, 2010, Mr. York filed an application for workers' compensation benefits alleging that he suffers from bilateral carpal tunnel syndrome. Mr. York filed a prior workers' compensation claim for right-sided carpal tunnel syndrome, for which he received a 6% permanent partial disability award. Although the Order holding the 2010 claim compensable is not contained in the evidentiary record, it appears that the claim was held compensable for left-sided carpal tunnel syndrome and cubital tunnel syndrome. Additionally, the evidentiary record indicates that Mr. York has undergone bilateral carpal tunnel and cubital tunnel releases.

1

As was noted by the Office of Judges, only the amount of permanent impairment arising from the left wrist is at issue in the instant appeal, and Mr. York has undergone three independent medical evaluations to determine the amount of such impairment. On August 17, 2011, Prasadarao Mukkamala, M.D., evaluated Mr. York and opined that he sustained 4% whole person impairment as a result of left-sided carpal tunnel syndrome. On August 22, 2011, the claims administrator granted Mr. York a 4% permanent partial disability award based upon Dr. Mukkamala's evaluation.

Bruce Guberman, M.D., examined Mr. York on May 18, 2012. He opined that Mr. York sustained a total of 16% whole person impairment as a result of left-sided carpal tunnel syndrome and cubital tunnel syndrome. Dr. Guberman then opined that Mr. York should receive an additional 12% permanent partial disability award because the claims administrator has already granted Mr. York a 4% permanent partial disability award in the instant claim.

Finally, Marsha Lee Bailey, M.D., evaluated Mr. York on January 8, 2013. She opined that Mr. York sustained 23% upper extremity impairment as a result of left-sided carpal tunnel syndrome. She then applied West Virginia Code of State Rules § 85-20-64.5 (2006) and accordingly adjusted her impairment recommendation to 6% whole person impairment for left-sided carpal tunnel syndrome. She further opined that her examination produced no findings of residual cubital tunnel syndrome or ulnar nerve entrapment and therefore concluded that Mr. York sustained 0% whole person impairment as a result of those conditions. Dr. Bailey apportioned two-thirds of the amount of whole person impairment arising from left-sided carpal tunnel syndrome to Mr. York's pre-existing personal risk factors, including long-standing morbid obesity, osteoarthritis, and diabetes mellitus and concluded that he sustained 2% whole person impairment as a result of work-related left-sided carpal tunnel syndrome.

In its Order reversing the August 22, 2011, claims administrator's decision, the Office of Judges held that Mr. York sustained 6% whole person impairment as a result of left-sided carpal tunnel syndrome and sustained 8% whole person impairment as a result of ulnar neuropathy, for a total of 14% whole person impairment in the instant claim. The Office of Judges further held that because Mr. York has already received a 4% permanent partial disability award in the instant claim, he is entitled to an additional 10% permanent partial disability award. Magnetech Industrial Services disputes this finding and asserts that the evidence of record demonstrates that Mr. York remains fully compensated for his compensable injuries through the 4% permanent partial disability award granted by the claims administrator for left-sided carpal tunnel syndrome.

When analyzing Dr. Mukkamala's, Dr. Guberman's, and Dr. Bailey's reports, the Office of Judges concluded that each of the three reports contain various errors. Regarding Dr. Mukkamala's report, the Office of Judges found that he failed to apportion for the pre-existing conditions of obesity and osteoarthritis despite noting the presence of these conditions in his report. The Office of Judges noted that Dr. Guberman also failed to apportion for Mr. York's pre-existing conditions. Further, the Office of Judges found that Dr. Guberman failed to apply West Virginia Code of State Rules § 85-20-64.5 when calculating the amount of Mr. York's whole person impairment arising from left-sided carpal tunnel syndrome. Additionally, the

2

Office of Judges concluded that when considering the specific provisions contained in West Virginia Code of State Rules § 85-20-64.5, Dr. Guberman erred in failing to provide separate impairment recommendations for impairment arising from carpal tunnel syndrome and impairment arising from cubital tunnel syndrome. Finally, the Office of Judges determined that Dr. Bailey's report is unpersuasive based upon its finding that she excessively apportioned for pre-existing conditions when calculating the amount of whole person impairment derived from work-related carpal tunnel syndrome.

After discrediting portions of all three reports, the Office of Judges concluded that it would be most appropriate to utilize Dr. Guberman's findings to recalculate the amount of Mr. York's whole person impairment arising from carpal tunnel syndrome in accordance with the provisions of West Virginia Code of State Rules § 85-20-64.5. The Office of Judges then concluded that Mr. York sustained 8% whole person impairment as a result of ulnar neuropathy and sustained 6% whole person impairment as a result of left-sided carpal tunnel syndrome. The Office of Judges then granted Mr. York an additional 10% permanent partial disability award over the 4% permanent partial disability award granted by the claims administrator. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated March 25, 2014.

We find that the decisions of the Office of Judges and Board of Review are the result of erroneous conclusions of law. In *Repass v. Workers' Compensation Div.,* 569 S.E.2d 162, 171, 212 W.Va. 86, 95 (2002), this Court held that permanent partial disability awards are to be made solely on the basis of a physician's impairment evaluation. None of the physicians of record opined that Mr. York sustained a total of 14% whole person impairment; therefore, the permanent partial disability award totaling 14% granted by the Office of Judges is not based on a physician's impairment rating. Further, by discrediting portions of all three independent medical evaluation reports of record, it was not possible for the Office of Judges to enter an award based upon one of the three independent medical evaluation reports of record. The Office of Judges erred in failing to remand the claim for an additional independent medical evaluation after determining that none of the three reports of record accurately represented the amount of Mr. York's whole person impairment arising from his compensable injuries, and instead substituted its own calculation of the amount of Mr. York's whole person impairment for that of a calculation performed by a physician. Likewise, the Board of Review erred in affirming the Office of Judges' Order.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of an erroneous conclusion of law. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to authorize an additional independent medical evaluation.

Reversed and remanded.

**ISSUED:  January 15, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum